# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X
YELENA CARRILLO, on behalf of           :    Index No:
herself and all others similarly situated,   :    Date Filed:
                                        :
         Plaintiff,                     :    SUMMONS
                                        :
    -against-                           :
                                        :
JPMORGAN CHASE & CO.,                   :
                                        :
         Defendant.                     :
-------------------------------------------------------X

To:    JPMorgan Chase & Co.
       270 Park Avenue
       New York, NY 10017

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the date of service, where service is made by delivery upon you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the complaint.

      Plaintiff designates New York County as the place of trial.

      The basis for venue is Defendant's place of business.

Dated: December 11, 2019
       Roslyn, New York

                              THE LAW FIRM OF LOUIS GINSBERG, P.C.
                              Attorneys for Plaintiff
                              1613 Northern Boulevard
                              Roslyn, NY 11576
                              (516) 625-0105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
YELENA CARRILLO, on behalf of herself            Index No.:
and all others similarly situated,               Date Filed:

                Plaintiff,                     COMPLAINT
                                                 JURY TRIAL DEMANDED
    -against-

JPMORGAN CHASE & CO.,

                Defendant.
-----------------------------------------------------------X

        Plaintiff Yelena Carrillo ("Plaintiff"), on behalf of herself and all others similarly situated, upon personal knowledge as to herself and upon information and belief as to others, by and through her undersigned counsel, alleges for her Complaint as follows:

## NATURE OF ACTION

1.     Plaintiff brings this action on behalf of herself and all other similarly situated non-exempt hourly paid employees who worked at branch locations ("Hourly Employees") employed by Defendant JPMorgan Chase & Co. ("Chase") or ("Defendant") in the State of New York at any time during the period commencing six (6) years prior to the filing of this action and continuing until such further date as the practices complained of are discontinued (the "Class Period"). As described below, Defendant by virtue of its management and control over the wages and work of its Hourly Employees is classified as an "employer" under New York Labor Law ("NYLL") §190(3).

2.     As particularized below, Defendant has engaged and continues to engage in illegal and improper wage practices. These practices include: (a) requiring Hourly Employees to perform work without compensation during meal breaks; (b) requiring Hourly Employees to perform work without compensation outside of their scheduled shift; (c) failing to pay Hourly Employees

at their straight or agreed upon rate for all hours worked under forty (40) hours in a week; and (d) failing to provide accurate wage statements.

## PARTIES

3. Plaintiff Yelena Carrillo resides in New York County, New York. Plaintiff was, throughout her entire employment with Defendant, a covered, non-exempt employee within the meaning of the NYLL. As such, Plaintiff was, and is, entitled to be paid in full for all hours worked.

4. Defendant employed Plaintiff at its branch located at 156 2nd Avenue, New York, New York 10003. Defendant maintained control, oversight, and direction over Plaintiff and the similarly situated Hourly Employees regarding time keeping, payroll, and other employment practices applicable to them.

## CLASS ACTION ALLEGATIONS

5. Plaintiff brings this action on her own behalf and as a class action pursuant to CPLR Article 9 of a Class consisting of:

> All current and former Hourly Employees who worked for Defendant in the State of New York during the Class Period and who (a) were not compensated for all work performed during uncompensated meal breaks; (b) were not compensated for all work performed outside of their scheduled shift; (c) were not paid their straight or agreed upon rate for all hours worked under forty (40) hours in a week; and/or (d) were not provided accurate wage statements. (collectively the "Class" or "Class Members").

6. Excluded from the Class are the Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class Period has had, a controlling interest in Defendant, and all persons who submit timely and otherwise proper requests for exclusion from the Class.

2

7. During the Class Period, upon information and belief, the Defendant employed in excess of forty (40) Hourly Employees and systematically failed and refused to pay them for all compensable hours worked. The Class Members are so numerous that joinder of all members in one proceeding is impracticable.

8. Plaintiff's claims are typical of the claims of other Class Members because other non-exempt Hourly Employees were not compensated for all work performed. Plaintiff and other Class Members have sustained similar types of damages as a result of the Defendant's failure to comply with the NYLL. Plaintiff and other Class Members have been injured in that they have been uncompensated or under-compensated due to the Defendant's common policies, practices, and patterns of conduct.

9. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class action and wage and hour litigation. There is no conflict between the Plaintiff and Class.

10. Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

11. Common questions of law and fact exist as to the Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

3

a. Whether the Defendant failed and/or refused to pay Plaintiff and the Class for work performed during uncompensated meal breaks;

b. Whether the Defendant failed and/or refused to pay Plaintiff and the Class for all of the compensable time that they worked for the Defendant outside of their scheduled shift;

c. Whether the Defendant failed and/or refused to pay Plaintiff and the Class for all hours worked under forty (40) in a week at the straight or agreed upon rate;

d. Whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members as required by New York Labor Law § 190 *et seq.* and 650 *et seq.*;

e. Whether the Defendant failed to comply with the posting and notice requirements of the NYLL;

f. Whether the Defendant failed to provide Plaintiff and the Class Members with accurate statements with every payment of wages, listing accurate gross wages, deductions and accurate net wages as required by New York Labor Law § 195(3);

g. Whether the Defendant engaged in a pattern and/or practice of forcing, coercing, and/or permitting Plaintiff and Class Members to perform work for Defendant's benefit which was not compensated;

h. Whether the Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

i. The nature and extent of class-wide injury and the measure of damages of those injuries; and

4

j.  Whether the Defendant should be enjoined from such violations of the NYLL in the future.

12. Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. Individual Class Members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Class Members are readily identifiable from the Defendant's records.

13. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant.

14. Without a class action, Defendant would retain the benefit of its wrongdoing and will continue a course of action that will result in further damages to Plaintiff and the Class.

15. Plaintiff intends to send notice to all members of the Class to the extent required by Article 9 of the CPLR.

## FACTS

16. Plaintiff was employed by Defendant from in or around August of 2018 until on or about November 7, 2019. Plaintiff was employed at Defendant's branch located at 156 2nd Avenue, New York, New York 10003. Plaintiff was regularly scheduled to work between 20 and 30

5

hours a week for 3 to 5 shifts. The Defendant promised to pay hourly wages to Plaintiff for her work. Plaintiff's last hourly wage was approximately $18.00.

17. Defendant maintains a policy of deducting sixty (60) minutes per shift for each Hourly Employee for an unpaid meal break when that Hourly Employee has a scheduled shift of six (6) hours or more. Yet, Plaintiff and other Class Members performed work without compensation during their meal breaks that was integral and indispensable to their job duties at Defendant.

18. Plaintiff worked through approximately sixty (60) minutes of her meal break during two (2) shifts per week. Such work performed during uncompensated meal breaks included, but was not limited to, withdrawing money for customers, depositing money for customers, looking up customer accounts and assisting customers. Thus, because of Defendant's improper compensation policies, on average, Plaintiff was not paid for approximately two (2) hours of work time per week during meal breaks in violation of the NYLL.

19. Plaintiff and other members of the Class worked outside of their scheduled shift without compensation. Plaintiff worked on average twenty (20) minutes outside of her scheduled shift one (1) shift per week. Such work performed without compensation outside of her scheduled shift included, but was not limited to, withdrawing money for customers, depositing money for customers, looking up customer accounts and assisting customers. Thus, because of Defendant's improper compensation policies, on average, Plaintiff was not paid for about twenty (20) minutes of work time outside of her scheduled shift per week in violation of the NYLL.

20. These uncompensated duties were integral and indispensable to the respective jobs performed by Plaintiff and the Hourly Employees.

6

21. Thus, because of Defendant's improper compensation policies, Plaintiff has been deprived of approximately two (2) hours and twenty (20) minutes of uncompensated straight time per week in violation of the NYLL.

22. Defendant has also failed to provide accurate wage statements to Plaintiff and the similarly situated Hourly Employees.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST THE DEFENDANT FOR NONPAYMENT OF WAGES IN VIOLATION OF THE NEW YORK LABOR LAW
(On behalf of Plaintiff and the Class)

23. Plaintiff incorporates paragraphs 1-22 as if fully rewritten herein.

24. Pursuant to New York Labor Law §§ 190 *et seq.* including but not limited to, §§190, 191, 193, 198, and 663(1), the Defendant has willfully failed to pay the straight or agreed upon wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the Class in violation of New York Labor Law §§ 190 *et seq.* including but not limited to, §§190, 191, 193, 198, and 663(1).

25. The Defendant was not and is not permitted by state or federal law or by order of a court of competent jurisdiction, to withhold or divert any portion of the Plaintiff's and the Class' wages that concern this lawsuit.

26. The Defendant was not authorized by Plaintiff or, upon information and belief, any Class Members to withhold, divert, or deduct any portion of their unpaid wages which are the subject of this lawsuit.

27. Pursuant to New York Labor Law § 198, employers such as the Defendant who intentionally fail to pay hourly employees wages in conformance with New York Labor Law shall be liable to the hourly employees for the wages that were intentionally not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

7

28. The Defendant has violated the NYLL by failing to pay Plaintiff and the Class Members for all compensable time and by failing to pay Plaintiff and the Class Members for the straight or agreed upon wages worked at the established rate.

29. Plaintiff, on behalf of herself and the Class, seeks the amount of underpayments based on the Defendant's failure to pay straight or agreed upon wages for all hours worked as provided by the NYLL, as well as reasonable attorneys' fees and costs of the action, and such other legal and equitable relief as the Court deems just and proper.

30. Plaintiff does not seek liquidated damages under the NYLL on behalf of the Class but reserves her right to do so.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST THE DEFENDANT FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF THE NEW YORK LABOR LAW
### (On behalf of Plaintiff and the Class)

31. Plaintiff incorporates paragraphs 1-30 as if fully rewritten herein.

32. Defendant has willfully failed to supply Plaintiff and the Class Members, as required by NYLL, Article 6, § 195(3) with an accurate statement with every payment of wages, listing accurate gross wages, deductions and accurate net wages.

33. Through its knowing or intentional failure to provide Plaintiff and the New York Class members with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

34. Due to Defendant's willful violation of NYLL, Article 6, § 195(3), Plaintiff and the Class Members are entitled to damages of two hundred and fifty dollars for each day that Defendant failed to provide Plaintiff and the Class Members with an accurate wage statement, or a total of five thousand dollars for Plaintiff and for each Class Member, reasonable attorneys' fees, costs,

8

and injunctive and declaratory relief, as provided by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Class, seeks the following relief against the Defendant:

(a) Certification of the Class as described herein under CPLR Article 9 and appointing Plaintiff as representative of the Class and Plaintiff's counsel as Lead Counsel for the Class;

(b) An Award for the amount of the Plaintiff's and Class Members' unpaid wages, and pre- and post-judgment interest as allowed by law;

(c) An award to Plaintiff and the Class Members of damages for each workday that Defendant failed to provide Plaintiff and the Class members with an accurate wage statement, or a total of $5,000 for Plaintiff and for each Class Member, as provided by the NYLL;

(d) An award of injunctive relief as the Court deems necessary and proper to prevent against future violations of New York Labor Law;

(e) An award to Plaintiff and the Class Members of reasonable attorneys' fees and costs pursuant to New York Labor Law; and

(f) An award to Plaintiff and the Class Members of such further relief as this Court deems just and proper.

Dated:   December 11, 2019
         Roslyn, New York

                                           Respectfully submitted,

                                           THE LAW FIRM OF
                                           LOUIS GINSBERG, P.C.

                                    By:    _s/Louis Ginsberg_____

9

Louis Ginsberg, Esq.
1613 Northern Boulevard
Roslyn, N.Y. 11576
(516) 625-0105 X. 18
Attorneys for Plaintiff and the
putative New York Class

10